CROXSON v. FLYNN PLUMBING & HEATING CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

Dissenting opinion.
For majority opinion, see 139 N. Y. Supp. 1093.
Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

F. H. Field, of New York City, for appellant.
R. R. Rasquin, of New York City, for respondent.

PER CURIAM.   Judgment affirmed, with costs.

INGRAHAM, P. J. I dissent from the affirmance of this judgment. On the 28th of October, 1910, the plaintiff made a building loan contract by which he agreed to loan certain sums of money upon a building in course of construction, the installments to be paid as the work progressed, the borrower to secure the amount of the loan by a mortgage upon the property. In accordance with this agreement, a bond and mortgage dated October 28, 1910, to secure the sum of $47,-000, the total amount agreed to be loaned, was executed by the borrower to the plaintiff and was duly recorded October 28, 1910. The plaintiff made the payments as provided for in her building loan agreement in various payments commencing October 26, 1910, and the last payment was made on May 12, 1911, when the whole of the $47,000 was advanced. On the 28th of November, 1910, the defendant made a contract with the mortgagor by which the defendant agreed to furnish the plumbing for the house which was covered by this mortgage for the sum of $4,400 which was to be paid in installments. There was no provision in this contract by which the title to the articles furnished to complete it was not to pass to the purchaser and under this contract as it stood it seems to me clear that the articles when furnished and installed as part of the plumbing work of this building would have become fixtures and annexed to the freehold, and would have been covered by the mortgage to the plaintiff. On February 3, 1911, the mortgagor executed what was in form a chattel mortgage to the defendant by which the mortgagor bargained and sold unto the defendant, its successors, and assigns "all washout closets, oak tanks, enameled iron backs," etc., "and all other plumbing and gas fixtures now installed or which may be hereafter installed in the two five-story buildings," etc. "The said fixtures herein granted, bargained and sold being all the fixtures mentioned and described in a certain contract bearing date the 28th day of November, 1910, between the respective parties hereto, and all fixtures installed in said premises under said contract." This instrument contained the usual provision in chattel mortgages authorizing the mortgagee to enter upon the premises and take and carry away the said goods or chattels, and to sell and dispose of the same at public or private sale for the best price that they could obtain, and out of the money arising therefrom to retain and pay the said sum mentioned and any and all sums which might be due to the defendant, with a further covenant that the mortgagor, until default be made in the payment of said sum of money, should remain and continue in the quiet and peaceable possession of the said goods and chattels and the full and free enjoyment of the same. The court has found that none of the articles described in this mortgage had been delivered to the mortgagor, or was installed in the premises at the time that the mortgage was executed, or until the 10th day of April, 1911. It thus appears that at the time this chattel mortgage was executed the mortgagor had no title to any of the property mortgaged, but that the property then belonged to the defendant. Under the contract, the defendant had agreed to sell, deliver, and install these articles in the property belonging to the mortgagor, and the mortgagor had prior to making the contract also executed a mortgage covering the property

upon which the building was being erected, with a provision that certain specified sums of money were to be paid by the plaintiff to the mortgagor upon the installation of these fixtures. Thus the sixth and twelfth payments were not to be made until this plumbing was installed. The plaintiff, relying upon the installation of this plumbing and the completion of the building, made the final payment under the building-loan agreement. It seems to me that this alleged chattel mortgage was ineffectual for any purpose, because at the time it was executed the mortgagor had no title to or possession of or interest in the property upon which a lien was attempted to be given. On the contrary, at the time that mortgage was executed, the defendant was the owner of the property and in possession of it, but had agreed to install it in this building. It seems to me that the moment that this property was installed in this building and became annexed to the freehold it became real property, and when, under this contract by which the defendant was obligated to install this machinery, without any provision for a chattel mortgage, or other condition or lien, the fixtures installed became a part of the realty to which the plaintiff's mortgage attached. In this chattel mortgage there is no provision that the title shall remain in the vendor, or that it shall become annexed to the freehold. Undoubtedly as between mortgagor and mortgagee the instrument could be treated as a contract to make a chattel mortgage when the defendant got title to it and equity would enforce it; but I think that where, by a contract, a lien was to be created upon the property and a mortgage was given to carry that contract into effect and the mortgagee advanced the money upon the faith of the annexation of these fixtures to freehold, this equitable right or agreement which the defendant acquired was subordinate to the plaintiff's mortgage.

Therefore I think the judgment should be reversed.